IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2003

## STATE OF TENNESSEE v. WALTER SANCHEZ, JR.

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S46,372    R. Jerry Beck, Judge**

**No. E2002-02812-CCA-R3-CD**
**August 8, 2003**

The appellant, Walter Sanchez, Jr., pled guilty to violating an order declaring him to be an habitual motor vehicle offender. The plea agreement provided that the appellant would receive a sentence of two years incarceration in the Tennessee Department of Correction and pay a $500.00 fine. The manner of service of the sentence was to be determined by the trial court. On appeal, the appellant argues that the trial court erred in denying him probation or some other form of alternative sentencing. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Joseph F. Harrison, Blountville, Tennessee, for the appellant, Walter Sanchez, Jr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin and James Goodwin, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On May 29, 2002, the Sullivan County Grand Jury returned an indictment charging the appellant with a violation of an order declaring him to be an habitual motor vehicle offender. On September 11, 2002, the appellant pled guilty to the offense. At the guilty plea hearing, the State recited the following facts regarding the offense:

> Your Honor, had the matter of S46,372 gone to trial the State's proof
> would have been that in Sullivan County, Tennessee on February 15th,
> 2002, Officer Summie of the Kingsport Police Department was in a

marked patrol unit.  He was traveling behind a blue Olds Cutlass in Wateree Street, in Kingsport.  The vehicle was observed to stop on the side of the street and he saw the driver, the defendant here today, Walter Sanchez, change seating positions with the passenger in the vehicle.  The passenger of the vehicle walked back to the Officer and advised him that Walter Sanchez had asked to change seating positions with her.  A records check indicated that in case S38,490 Walter Sanchez was declared to be an Habitual Traffic Offender and that Order was valid and in effect at the time of the offense.

In accordance with the terms of the plea agreement, the appellant received an agreed sentence of two years incarceration as a Range II multiple offender, with the manner of service of the sentence to be determined by the trial court.

On November 18, 2002, the trial court conducted a sentencing hearing.  At the hearing, the appellant testified that he was thirty-nine years old and divorced.  He stated that he had two children, ages eleven and nineteen, and that he paid $250 per month in child support.  Further, the appellant related that he dropped out of high school at age fifteen and that he would like to obtain his general equivalency diploma (GED).  The appellant testified that he had made inquiries regarding classes, but he had not enrolled.

The appellant testified that he was employed at Quebecor as a machine operator and earned $7.50 per hour.  At the time of the hearing, the appellant had almost completed a ninety-day probationary period with the company, and he expected to obtain a permanent position with the company at the conclusion of that period.  The appellant explained that a permanent position with the company would pay a minimum of $9.50 per hour.  The appellant related that he had worked at several restaurants prior to obtaining employment with Quebecor.  When asked if he viewed his job at Quebecor as an opportunity to better himself, the appellant related that "[t]his is a lifetime thing. You've got a--good benefits in there."  Additionally, the appellant stated that he lived approximately a mile from Quebecor and that he had moved into the city so he could walk to work because he did not have a driver's license.

The appellant testified that he began using alcohol at the age of eighteen.  He stated that on his days off from work he would sometimes drink a twelve-pack of beer, but when he did he stayed at home.  The appellant related that he did not normally drink during the days that he worked. Furthermore, he stated that he did not consider himself an alcoholic.

The appellant related that in the past he had a cocaine problem and was a recovering addict. He testified that at one point he was injecting cocaine into his body, but he had stopped using cocaine without any formal treatment.  The appellant testified that he had high blood pressure, acid reflux disease, and had previously suffered anxiety attacks.  Additionally, the appellant stated that he had a  "degenerate back," but asserted that it did not interfere with his employment.

Concerning the facts of his habitual motor vehicle offense, the appellant stated,

I was getting off work late at night. It, it was 2:00. Friends of mine came from a bar, had been drinking, so I didn't feel comfortable them drinking because he couldn't hardly drive. So I took over driving and at that time I got pulled over before I got to the house and got the H.T.O.

On cross-examination, the appellant testified that all of the information in the presentence report was correct and he conceded that he had been placed on probation a number of times for various offenses. However, on redirect examination, the appellant asserted that several of the convictions listed in the presentence report were incorrect. He stated that the charges in Lake Worth, Florida, for aggravated assault did not result in conviction, and that the charge for carrying a concealed weapon had been expunged. Additionally, the appellant stated that he was never convicted of the offenses of selling a hypodermic needle syringe without a permit, being under the influence of a controlled substance, and possession of a controlled substance in Rossville, California. However, the appellant did admit that he was convicted of numerous offenses in California for which he was placed on probation. The appellant testified that the State of California was no longer criminally pursuing him because he finished his probation and completed a drug program in the state.

Following the appellant's testimony, the trial court denied probation or any form of alternative sentencing. The trial court found that the appellant had an extensive prior record, including eleven prior probationary sentences. The trial court further ordered that the sentence in the instant case be served consecutively to cases S45,249 and S45,250.

## II. Analysis

The appellant contends that the trial court erred by denying probation or any form of alternative sentencing. When an appellant challenges the length, range or manner of service of a sentence, this court conducts a de novo review with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. In conducting our review, this court must consider (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-102 and -103 (1997), -210 (Supp. 2001); see also Ashby, 823 S.W.2d at 168. The burden of showing that a sentence was improper is on the appellant. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Tennessee Code Annotated section 40-35-102(5) provides that only "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the

laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." A defendant who does not fall within this class of offenders and who is "an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options." Tenn. Code Ann. § 40-35-102(6). Furthermore, "[t]he trial court must presume that a defendant sentenced to eight years or less and not an offender for whom incarceration is a priority is subject to alternative sentencing and that a sentence other than incarceration would result in successful rehabilitation." State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a) (Supp. 2001).

Because the appellant was convicted as a Range II multiple offender, the appellant is not entitled to a presumption of favorable candidacy for alternative sentencing. In any event, considerations for a sentence of confinement can be found in Tennessee Code Annotated section 40-35-103(1), which provides for confinement when:

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); Ashby, 823 S.W.2d at 170.

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence was imposed. See Tenn. Code Ann. § 40-35-103(2) and (4). Further, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

We conclude that the record in this case amply supports the trial court's denial of alternative sentencing. As the trial court noted, the appellant has an extensive prior record of criminal activity. The presentence report reflects that the appellant has numerous convictions in the State of Tennessee for motor vehicle offenses as well as convictions for other offenses, including theft of property, failure to appear in court, simple assault, and vandalism. The appellant also has prior convictions in both Florida and California. Furthermore, he had at the time of the sentencing hearing three warrants outstanding in Kingsport for "worthless checks."

As the trial court found, measures less restrictive than confinement have been applied repeatedly and unsuccessfully to the appellant. Moreover, the appellant's continuous criminal activity over a long period of time indicates that his potential for rehabilitation is poor. The trial

court noted that the appellant had a poor social history and concluded that the appellant continued to have a drug problem and perhaps some mental health problems as well. Despite repeated convictions, the appellant has continued to violate the law, proving that he is unable to conform his behavior to comply with the law.

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE